DECISION.
{¶ 1} Defendant-appellant, Keith Hawkins, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of rape under R.C. 2907.02(A)(2) and adjudicating him a sexual predator.
 {¶ 2} After Hawkins had been placed on post-release control for an offense unrelated to the rape charge, officials collected a deoxyribonucleic acid (DNA) sample from him under R.C. 2901.07, which had been amended in 2005. Although the DNA sample was taken after the effective date of the statute, it is undisputed that the offense for which Hawkins had been imprisoned predated the amended statute.
 {¶ 3} The DNA sample subsequently linked Hawkins to the 1994 rape of an elderly woman. On January 5, 2006, Hawkins entered a guilty plea to the rape charge and was later adjudicated a sexual predator.
 {¶ 4} In his first two assignments of error, Hawkins now argues that his plea was not voluntarily entered and that he was denied the effective assistance of trial counsel.
 {¶ 5} Hawkins argues that both the trial court and trial counsel had failed to inform him that R.C. 2901.07 was not retroactive. He contends that those alleged failures rendered his guilty plea involuntary.
 {¶ 6} According to Hawkins, because he had been convicted and incarcerated before the 2005 effective date of amended R.C.2901.07, the collection of his DNA sample under the statute was improper. As a result, he argues that the DNA sample was subject to suppression and that he would not have entered the guilty plea absent the DNA evidence linking him to the crime.
 {¶ 7} Underlying both assignments of error is the assertion that the DNA collection under R.C. 2901.07 violated the constitutional principle that laws are to be applied only prospectively unless the legislature expressly provides for retroactive application.[1] We address the assignments together.
 {¶ 8} In addressing the assignments of error, we must clarify the scope of Hawkins's argument. Hawkins does not argue that the statute could not have been retroactively applied, only that the legislature had not provided for retroactive application.
 {¶ 9} We find no merit in Hawkins's argument. While this appeal was pending, the General Assembly again amended R.C.2901.07.
 {¶ 10} Under the version of R.C. 2901.07(B)(1) enacted July 11, 2006, the statute provides for the collection of DNA samples from felony offenders "[r]egardless of when the conviction occurred or when the guilty plea was entered * * *." The section notes to the amended statute emphasize that the purpose in amending the statute was "to reaffirm that it is the General Assembly's intent that, under that section as it existed prior to the effective date of this act," offenders would be subject to DNA collection regardless of the date of the conviction or the guilty plea.
 {¶ 11} Hawkins cites a February 15, 2006, decision of the Ninth Appellate District, State v. Consilio,[2] for the proposition that the legislature did not expressly provide for the retroactive application of R.C. 2907.01 We do not findConsilio to be persuasive because, in reaching its decision, the Consilio court did not have before it the amended language of R.C. 2901.07 already cited.
 {¶ 12} Because the legislature has expressly emphasized that the statute had been retroactive since the 1995 amendment, there was no error in the trial court's proceedings. We overrule the first and second assignments of error.
 {¶ 13} In the third and final assignment of error, Hawkins argues that the trial court erred in adjudicating him a sexual predator.
 {¶ 14} To obtain a sexual-predator adjudication under R.C.2950.09, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense, and that the offender is likely to engage in the future in one or more sexually oriented offenses.[3] In making the determination of whether an offender is likely to engage in future sexually oriented offenses, the trial court is to consider all relevant factors, including those enumerated in R.C.2950.09(B)(3).[4]
 {¶ 15} In this case, the state presented overwhelming evidence that Hawkins was a sexual predator. In committing the 1994 rape, Hawkins broke into the elderly victim's home and threatened her at knifepoint. There was a brief struggle in which Hawkins cut the victim's hands, after which he stifled her screams by choking her so hard that she spat up blood.
 {¶ 16} Hawkins repeatedly raped the victim and threatened to kill her if she resisted. After gagging her and tying her up with a telephone cord, he took a necklace from her neck and ransacked the apartment for other valuables.
 {¶ 17} Hawkins's criminal record was atrocious. Although there were no other sexually oriented offenses, Hawkins had numerous burglary and robbery convictions, many of which involved elderly victims. At the time of his rape conviction, Hawkins's parole officer was planning to institute revocation proceedings as a result of Hawkins's absconding and his continued drug use.
 {¶ 18} Under these circumstances, the trial court was amply justified in adjudicating Hawkins a sexual predator. We overrule the third assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Painter and Winkler, JJ., concur.
Ralph Winkler, retired, from the First Appellate District, sitting by assignment.
[1] Section 28, Article II, Ohio Constitution. See, also, R.C.1.48 and State v. LaSalle, 96 Ohio St.3d 178, 2002-Ohio-4009,772 N.E.2d 1172, paragraph one of the syllabus.
[2] 9th Dist. No. C.A. 22761, 2006-Ohio-649, discretionary appeal allowed, 110 Ohio St.3d 1409, 2006-Ohio-3306,850 N.E.2d 71.
[3] R.C. 2950.01(E); State v. Eppinger, 91 Ohio St.3d 158,163, 2001-Ohio-247, 743 N.E.2d 881.
[4] See Eppinger, supra, at 166, 2001-Ohio-247,743 N.E.2d 881.