OPINION
{¶ 1} Plaintiff-Appellant, Charlotte Ray dba Castlehill Enterprises, appeals the decision of the Clermont County Court of Common Pleas finding her in contempt of court and the resulting imposition of civil penalties. We affirm the decision of the trial court.
 {¶ 2} Appellant owns three parcels of property on Barg Salt Run Road in Union Township. Two parcels (identification numbers: 41-31-11G-094 and 41-31-11G-093) *Page 2 
have been assigned street addresses, 854 and 858 Barg Salt Run Road, respectively. On these parcels, structures intended to be single-family homes have been built, however these structures are unfinished. The third parcel (41-31-11G-092) does not have a street address. On the third parcel, a horse barn and stall has been built, and appellant raises and maintains several horses on that parcel.
 {¶ 3} In 1998, the Board of Union Township Trustees ("Union Township") sought to remove the unfinished structures along with some trash and junk on the 854 and 858 Barg Salt Run parcels pursuant to R.C. 505.86
and the township's zoning resolution. Appellant filed a complaint against the township seeking to enjoin the removal. To resolve the matter, the parties entered into a settlement agreement on December 10, 1998. Under the agreement, appellant agreed to secure the structures on the two parcels by covering all openings to prevent access to the interior. Appellant also agreed to complete construction that had already begun to the houses. However, very little work was performed on the structures.
 {¶ 4} As a result, Union Township filed a motion for contempt and preliminary and permanent injunction on March 18, 2004, seeking to hold appellant responsible for her failure to comply with the 1998 agreement. The parties then reached another settlement agreement. On March 7, 2005, a hearing was held by the trial court and the terms of the agreement were read into the record. Under the new agreement, appellant agreed to finish construction on the structures to receive an occupancy permit and remove the debris and junk from the two parcels of property. In addition, the parties agreed to include the third parcel of land, as part of the settlement. Appellant agreed to remove the horses, barn, and stables from the third parcel. The agreement also stated that if appellant failed to bring the respective parcels into compliance, a civil penalty of $100,000 per parcel would be assessed. The trial court determined the specific dates to *Page 3 
bring each parcel into compliance.
 {¶ 5} At the end of the hearing, the trial court instructed the parties to compose a final written version of the settlement to be filed with the court; however, the parties were unable to agree on a final version. As a result, Union Township filed a motion to enforce the settlement and a hearing was held on November 29, 2005. At that time, the original dates the court had determined for appellant to bring the properties into compliance already passed. On January 3, 2006, the trial court entered an order enforcing the settlement agreement and also set forth the terms of the agreement, including a final deadline for compliance of March 7, 2006.
 {¶ 6} On March 8, 2006, Union Township filed a motion to enforce the order granting permanent injunction and for civil penalties because appellant had not completed the improvements or removal. Following a hearing on the motion, the trial court entered a judgment on May 3, 2006 finding appellant in contempt of the court order on each of the parcels of property and imposed the penalty of $100,000 per parcel.
 {¶ 7} Appellant timely appealed, raising one assignment of error:
 {¶ 8} "THE TRIAL COURT ERRED IN GRANTING APPELLEES [sic] MOTION TO ENFORCE ORDER GRANTING PERMANENT INJUNCTION AND FOR CIVIL PENALTIES."
 {¶ 9} Appellant presents several issues for review in her sole assignment of error. Appellant argues that the settlement agreement that was read into the record on March 7, 2005 was never reduced to writing and that the court order of January 3, 2006 is ambiguous and unclear. Further, appellant argues she was not given proper notice of the deficiencies and that the civil penalties imposed were excessive. Appellant also *Page 4 
claims the third parcel of property could not be part of the agreement because it was never attached to the judicial proceeding. Finally, appellant argues the court based its final judgment on hearsay.
 {¶ 10} In reviewing a trial court's finding of civil contempt and decision to grant or deny an injunction, this court's standard of review is abuse of discretion. State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10, 11; Danis Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgmt.Dist, 73 Ohio St.3d 590, 604, 1995-Ohio-301. The term "abuse of discretion" means that the trial court's judgment is "unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 THE SETTLEMENT AGREEMENT {¶ 11} Appellant first argues that the trial court's order dated January 3, 2006 was not "agreed" upon by the parties and that the terms of the order are "ambiguous and unclear." In support of her argument, appellant cites the fact that on March 7, 2005 the parties' agreement was read into the record, however, the parties never reduced it to writing by way of an agreed entry. As a result, the trial court issued the January 3, 2006 order granting permanent injunction, which appellant claims does not precisely adopt the March 7, 2005 agreement. Additionally, appellant claims this order is ambiguous and unclear.
 {¶ 12} A party shall file a notice of appeal within thirty days of the entry of judgment. App.R. 4(A). In the instant case, the trial court found that an agreement had been reached in open court and entered judgment setting forth the terms of that agreement on January 3, 2006. This agreement concluded the litigation between the parties and, as such, was a final appealable order. However, appellant did not object or timely appeal the January 3, 2006 order. Accordingly, appellant cannot challenge *Page 5 
whether the judgment entry of January 3, 2006 was agreed, as she failed to timely appeal.
 {¶ 13} Further, after reviewing the court order we find that the terms are clear and unambiguous. The order granting permanent injunction clearly requires that appellant maintain the subject properties in compliance with the zoning resolution and the court set specific dates that the property must be brought into compliance. Additionally, the order included specific actions appellant was to perform such as remove certain vehicles, debris, junk, and trash from the properties; remove the horse barn, stall, and horses from the third parcel; and obtain the necessary building permits and certificates of occupancy for the structures on the Barg Salt Run Road addresses.
 NOTICE {¶ 14} Next, appellant argues that she was not provided proper notice by Union Township of her failure to comply with the court's January 3, 2006 order, in violation of her right to due process.
 {¶ 15} Due process requires that an individual be given notice and an opportunity to be heard before being deprived of a significant property interest. See State v. Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169, ¶ 6.
 {¶ 16} The court-ordered settlement in this case states, "Should any of the subject properties be found in violation of the Zoning Resolution, Union Township may request a hearing from this Court on such violation. Union Township shall notify Ray, in writing, of such violation not less than 14 days prior to the date set for the hearing on the violation."
 {¶ 17} The record in this case demonstrates that appellant received proper notice in accordance with the agreement and due process. On March 8, 2006, Union *Page 6 
Township filed a motion to enforce the order and for civil penalties. Union Township attached a memorandum identifying the specific violations. The memorandum alleged that, "the property remains in a condition which is non-compliant with the Union Township Zoning Resolution, * * * agreed-upon repairs to structures on the properties have not been completed, that junk and debris remain on the properties, and that a horse barn, horse stalls and horses themselves remain upon the properties at issue." The motion also stated that, "the property remains, essentially in the same condition as it has since the late 1990's, non-compliant" and appellant had not obtained the requisite building and occupancy permits. Along with the motion, Union Township also attached photographs of the non-complying property.
 {¶ 18} Further, we also note that the notice appellant received was of the exact type contemplated by the parties. At the March 7, 2006 settlement hearing, Union Township's counsel stated concerning notice, "Within 14 days * * * it will be the obligation of Union Township to in writing to advise counsel for the Defendant of what we believe are violations or noncompliance. If those take place, then we will proceed at that hearing to determine whether or not the contempt should then take place * * *."
 {¶ 19} In this case, appellant was afforded procedural due process and provided notice as specifically required under the settlement agreement. Appellant was instructed of the specific violations in the memorandum and a hearing on the motion was held on March 28, 2006. Further, appellant's trial counsel was provided notice of the violations more than 14 days prior to the hearing as required by the January 3, 2006 court order. Accordingly, we find that appellant was provided sufficient notice of the violations in this case.
 EXCESSIVE PENALTY *Page 7 {¶ 20} Appellant claims that the civil penalty of $100,000 per parcel for failure to bring the property into compliance in this case is excessive. Appellant notes that the trial judge acknowledged that the total amount of the penalties was "draconian."
 {¶ 21} Like the trial court, we acknowledge that the civil penalty in this case is severe. However, the amount was agreed to by the parties. When the parties' agreed settlement was read into the record on March 7, 2005, the transcript is clear that the potential penalty was $100,000 per parcel and up to $300,000 total. Further, appellant stated at that hearing that she was aware of the terms of the settlement. At the end of the hearing, the trial judge inquired:
 {¶ 22} The Court: "Ms. Ray, you are in agreement?"
 {¶ 23} Ms. Ray: "Yes, sir."
 {¶ 24} Additionally, we note that this litigation has been ongoing since 1998. Under R.C. 519.99 and Section 260 of the Union Township Zoning Resolution, the township could have sought up to $500 per day in fines or penalties for appellant's noncompliance, which would potentially have been much more than $100,000 per parcel over the eight-year period. As a result, we find that the trial court did not abuse its discretion in assessing the penalty in this case.
 JURISDICTION OVER THIRD PARCEL {¶ 25} Appellant argues it was a violation of due process for the court to issue an order regarding the third parcel because the parcel was not included in the original complaint. Appellant claims that only 854 and 858 Barg Salt Run Road are subject to this action and the trial court does not have jurisdiction over the third parcel.
 {¶ 26} Appellant's argument is unpersuasive. At the March 7, 2005 hearing, the parties were clear that the third parcel was to be included in the settlement and was *Page 8 
mentioned several times during that proceeding. Additionally, appellant never objected to the inclusion of the third parcel and agreed at the hearing to include it as part of the settlement.
 {¶ 27} At the hearing counsel for Union Township stated, "The parties agree that there are three parcels which will be at issue in this case. Two of the parcels are addressed, and those parcels are 854 Barg Salt Road, and 858 Barg Salt Road. * * * But there is a third parcel which is involved, and that is 41-31-11G-092. * * * For the purposes of proceeding, if you will, on the preliminary injunction, the parties have agreed that the court has the authority and can issue a preliminary injunction with respect to these two properties and that third adjoining parcel."
 {¶ 28} Further, appellant's counsel acknowledged the inclusion of the third parcel at that proceeding when determining compliance dates. Appellant's counsel stated, "We've suggested for 854, November 30th, Your Honor, of this year; and for the 858, March 1st of the next year. And for the triangle portion [the third parcel, 41-31-11G-092] we have agreed on the end of the year."
 {¶ 29} It is clear from a review of the record that the parties agreed to include the third parcel in the settlement and appellant failed to object to the inclusion of the parcel. Accordingly, having agreed to include the third parcel as subject to the settlement, appellant cannot now complain that the court lacks jurisdiction over the property.
 HEARSAY {¶ 30} Finally, appellant argues that the trial court's final judgment in this case was based on hearsay. Appellant cites the judgment entry of May 3, 2006 in which the court states that it considered the affidavits of Scott Burkey and Ray Sebastian in entering the decision. *Page 9 
 {¶ 31} Scott Burkey is the zoning inspector for Union Township. Burkey's affidavit stated that he examined the multiple parcels on the morning of March 8, 2006 and in his opinion the property is not in compliance with the January 3, 2006 order. Ray Sebastian is the chief building official for Clermont County. Sebastian's affidavit stated that he oversees the issuance of occupancy permits for Union Township and, based upon his review of the records, no occupancy permits had been issued for appellant's properties. Appellant argues that these statements are hearsay that do not fall within any exception.
 {¶ 32} During the trial court proceedings on the motion to enforce, appellant never objected to the affidavits. Because appellant did not object at the trial level, this court's analysis is limited to a plain error review. Consequently, appellant argues that the admission of the affidavits in this case rises to the level of plain error.
 {¶ 33} A plain error is one that is "obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse effect on the character and public confidence in judicial proceedings." Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 209. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v.Davidson, 79 Ohio St.3d 116, 1997-Ohio-401, syllabus.
 {¶ 34} "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C). Generally, hearsay testimony is inadmissible unless the *Page 10 
testimony falls within one of the recognized exceptions to the hearsay rule. See Evid.R. 802.
 {¶ 35} We cannot say that this instant case is one of those extremely rare cases involving exceptional circumstances. As we have already discussed, no objection was made by appellant's counsel to the introduction of the affidavits in this case. Further, at the March 28, 2006 hearing on the motion for contempt, additional evidence of appellant's noncompliance was presented. Appellant testified at the hearing and was questioned about the properties. Appellant testified that some work had been done to the properties including the installation of Tyvek and windows. However, appellant also testified that the occupancy and building permits had not been obtained, the structures were not finished, and the horses, barn and stalls had not been removed. Additionally, photographs of the property taken on March 8, 2006 were submitted to the court which showed the noncompliant condition of the property. It is clear the court had overwhelming evidence that appellant failed to comply with the order in addition to the affidavits at issue.
 {¶ 36} Based on the foregoing, we find no abuse of discretion by the trial court in finding appellant in contempt and assessing the civil penalty. Appellant's sole assignment of error is overruled.
 {¶ 37} Judgment affirmed.
 WALSH and POWELL, JJ., concur. *Page 11 
 JUDGMENT ENTRY
The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Clermont County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
 Costs to be taxed in compliance with App.R. 24. *Page 1