OPINION
{¶ 1} Respondent-appellant, Garland Billings, appeals a decision of the Clermont County Court of Common Pleas permanently enjoining him from residing in a home located within 1,000 feet of a school premises. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} On July 22, 1991, appellant was convicted of the rape of an adult woman. He has completed his sentence and parole for this offense. As a result of his conviction, *Page 2 
appellant was classified as a sexually-oriented offender and must register under the mandatory requirements of such classification. Since April 2005, appellant has maintained his registered address as 130 Chapel Road, Amelia, Clermont County, Ohio ("the Chapel Road residence"). The Chapel Road residence, which is owned by appellant's wife Olivia, is located within 1,000 feet of Amelia Elementary School.
 {¶ 3} On June 27, 2005, Detective Lori Saylor of the Clermont County Sheriff's Office sent a letter to appellant informing him that he had to vacate the Chapel Road residence because he was in violation of the law as a registered sex offender living within 1,000 feet of a school. After appellant failed to move within the 60-day deadline, relator-appellee, the State of Ohio, filed a complaint against appellant and Olivia on September 14, 2005. The complaint prayed for injunctive relief under R.C. 2950.031 to enjoin appellant from residing at the Chapel Road residence. The complaint also sought an injunction preventing Olivia from allowing appellant to inhabit the Chapel Road residence.
 {¶ 4} A few months after the complaint was filed, Olivia filed a motion to dismiss the complaint for failing to state a claim against her. The trial court conducted an evidentiary hearing on May 30, 2006. In a decision issued on August 10, 2006, the court ruled in favor of the state on its injunction petition against appellant. The decision also granted Olivia's motion to dismiss.[1]
 {¶ 5} On September 7, 2006, the trial court issued a judgment entry permanently enjoining appellant from residing at the Chapel Road residence or at any premises located within 1,000 feet of a school. Appellant was ordered to vacate the Chapel Road residence within five days of the entry. Appellant timely appealed, and the order was stayed pending appeal. *Page 3 
 {¶ 6} The injunction against appellant was granted pursuant to R.C.2950.031.[2] This law, which went into effect on July 31, 2003, provides that a person who has been convicted of a sexually-oriented offense, that is not registration-exempt, is prohibited from residing within 1,000 feet of any school premises. R.C. 2950.031(A). The party petitioning for the injunction need not prove irreparable harm in order to obtain relief. R.C. 2950.031(B).
 {¶ 7} At the trial court level, appellant disputed the constitutionality of R.C. 2950.031. As noted by the trial court, statues enacted by the Ohio General Assembly enjoy a strong presumption of constitutionality. State ex rel. Dickman v. Defenbacher (1955),164 Ohio St. 142, paragraph one of the syllabus. This presumption may be overcome only where there is a clear conflict between the statute and a particular constitutional provision. Id. at 147; City of Xenia v.Schmidt (1920), 101 Ohio St. 437, 445. On appeal, appellant raises two assignments of error challenging the trial court's conclusion that R.C.2950.031 is not in conflict with the United States Constitution or the Ohio Constitution.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED IN RULING THAT R.C. 2950.031 DOES NOT VIOLATE THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION."
 {¶ 10} The Ex Post Facto Clause of the United States Constitution prohibits state legislatures from passing any laws which increase the punishment for criminal acts after they are committed. Section 10, Article I, United States Constitution. Appellant maintains that R.C.2950.031, as applied to him, violates the Ex Post Facto Clause because it retroactively imposes a punishment upon him even though he committed a sexually-oriented offense prior to the effective date of the statute.
 {¶ 11} A court conducting an ex post facto analysis must first determine whether the *Page 4 Clermont CA2006-09-072 legislature intended for the statute to impose punishment or establish civil proceedings. Kansas v. Hendricks (1997),521 U.S. 346, 361, 117 S.Ct. 2072. If the legislature sought to impose punishment, the statute is necessarily punitive and constitutionally improper. Smith v. Doe (2003), 538 U.S. 84, 92, 123 S.Ct. 1140. However, if the reviewing court determines that the legislature intended to impose a civil regulatory scheme, "only the clearest proof" that the statute is indeed so punitive either in purpose or effect as to negate the legislature's intent will compel the court to find that the statute is punitive and therefore constitutionally invalid. Id., quotingHudson v. United States (1997), 522 U.S. 93, 100, 118 S.Ct. 488.
 {¶ 12} The trial court determined that R.C. 2950.031 does not impose a criminal sanction. We agree. Instead, the statute creates a right of action for civil injunctive relief against a sex offender residing within 1,000 feet of a school premises. In ascertaining whether a statue is punitive or civil, this court typically defers to the legislature's stated intent. See, e.g., State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, 18. The intent behind R.C. Chapter 2950 is to protect the safety and general welfare of the public in light of the heightened risk of recidivism among sexual offenders. See R.C. 2950.02(B). This is a widely-recognized nonpunitive objective. See id. See, also,Smith, 538 U.S. at 85; State v. Cook (1998), 83 Ohio St.3d 404, 423;Doe v. Miller (C.A.8, 2005), 405 F.3d 700, 718-19; State v. Leroy
(Ill.App. 2005), 828 N.E.2d 769, 779; State v. Seering (La. 2005), 701 N.W.2d 655, 667; Lee v. State (Ala.App. 2004), 895 So.2d 1038, 1042.
 {¶ 13} The trial court next concluded that the purpose or effect of the statute was not so punitive as to negate the legislature's intent. A number of factors are available in guiding this portion of the ex post facto analysis. These include whether the sanction has been historically regarded as a punishment, whether it promotes the traditional aims of punishment, whether it imposes an affirmative disability or restraint, whether it has a rational connection to a nonpunitive purpose, and whether it is excessive with regard to that purpose. Kennedy v. *Page 5 Clermont CA2006-09-072 Mendoza-Martinez (1963), 372 U.S. 144, 168-69,83 S.Ct. 554. This list of factors is neither exhaustive nor dispositive. Smith, 538 U.S. at 97. The most important among these factors is whether the law, while perhaps having certain punitive aspects, serves a substantial nonpunitive purpose. United States v.Ursery (1996), 518 U.S. 267, 290, 116 S.Ct. 2135; Smith at 102.
 {¶ 14} We concur with the trial court's conclusion that appellant failed to produce "the clearest proof" that R.C. 2950.031 is so punitive either in purpose or effect as to negate the legislature's nonpunitive intent. Most important is that R.C. 2950.031 serves a compelling nonpunitive goal: to protect the safety and welfare of Ohio's children. The General Assembly found that sex offenders "pose a risk of engaging in further sexually abusive behavior even after being released from imprisonment" and that protection of the public from such offenders is a "paramount governmental interest." R.C. 2950.02(A)(2). Children are an especially vulnerable population group, afforded extra protection because they are less able to protect themselves from such risk.
 {¶ 15} We further agree with the trial court's conclusion that R.C.2950.031 is not excessive with regard to the purpose of protecting children from the risk of recidivism posed by sex offenders. The statute prohibits those who commit a sexually-oriented offense that is not a registration-exempt sexually-oriented offense from residing within 1,000 feet of a school. As noted by the First District Court of Appeals, the statute does not prevent offenders from traveling through school zones, entering these zones for employment, or conducting commercial transactions within school zones. Hyle v. Porter, 170 Ohio App.3d 710,2006-Ohio-5454, ¶ 13. In addition, the statute does not prevent an offender from owning, renting, or leasing a home in the prohibited zone. Id. Rather, the law prohibits an offender from residing in the home himself. Id. As the trial court concluded, such a restriction is not so excessive as to render the statute punitive. *Page 6 
 {¶ 16} Appellant argues that he is subject to an affirmative disability or restraint because he is forced to live under the constant threat of having to move should a school later move within 1,000 feet of his formerly-compliant residence. Generally, courts are prevented from addressing arguments on issues which have not yet come to fruition.State ex rel. Elyria Foundry Co. v. Indus. Comm., 82 Ohio St.3d 88, 89,1998-Ohio-366. Appellant's hypothetical that a school may move within 1,000 feet of his residence is such an issue. See Hyle at ¶ 21. Further, although the trial court observed that the statute may impose an affirmative restraint, such restraint must be viewed in light of the statute's rational connection to its nonpunitive and important purpose of protecting children from the risk of recidivism posed by sex offenders.
 {¶ 17} Finally, the sanction imposed by R.C. 2950.031 neither promotes the traditional aims of punishment nor has it been historically regarded as a punishment. Appellant argues that the statute's residency restriction is akin to parole, a traditional form of punishment, because it permits law enforcement and the courts to control an offender's residence. Unlike parole, however, an offender constrained by the residency restriction is not subject to mandatory conditions or supervision. Noncompliance with the residency restriction results in the civil penalty of injunction, whereas noncompliance with parole may result in punitive sanctions and actions. Furthermore, R.C. 2950.031
does not promote the traditional goals of punishment — retribution and deterrence — in that the law seeks to discourage recidivism by reducing the offender's opportunity and access rather than seeking vengeance or the imposition of negative repercussions. Hyle at ¶ 16-17.
 {¶ 18} We conclude that the trial court did not err in holding that R.C. 2950.031, as applied to appellant, does not violate the Ex Post Facto Clause of the United States Constitution. Appellant's first assignment of error is overruled. *Page 7 
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "THE TRIAL COURT ERRED IN HOLDING THAT R.C. 2950.031 DOES NOT VIOLATE SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION."
 {¶ 21} The Retroactivity Clause of the Ohio Constitution prohibits the General Assembly from passing retroactive laws. Section 28, Article II, Ohio Constitution. Appellant claims that R.C. 2950.031, as applied to him, violates the Retroactivity Clause because the General Assembly intended the statute to be applied prospectively. Alternatively, appellant asserts that the statute impairs his substantive property rights.
 {¶ 22} Ohio statutes are presumed to be prospective unless specifically made retroactive. R.C. 1.48. In order to establish whether a law violates the Retroactivity Clause, a court must first determine whether the General Assembly intended the statute to be applied retroactively. Cook, 83 Ohio St.3d at 410. If this question is answered in the affirmative, the court must then determine whether the statute is substantive or remedial. Id. at 410-11.
 {¶ 23} The trial court first determined that the legislature intended R.C. 2950.031 to apply retroactively in view of the fact that the statute applied to all registered sex offenders, regardless of when the offense was committed. Appellant challenges this determination on appeal, arguing that the legislature intended R.C. 2950.031 to apply prospectively only because the statute contains no explicit retroactivity language.
 {¶ 24} We agree with the trial court's determination that the legislature intended R.C. 2950.031 to apply retroactively. Such intent is clearly discernable from the language of R.C. 2950.031. The statute provides, in pertinent part:
 {¶ 25} "No person who has been convicted of, is convicted of, haspleaded guilty to, or pleads guilty to * * * a sexually oriented offense that is not a registration-exempt * * * shall establish a residence or occupy residential premises within one thousand feet of any school premises." R.C. 2950.031(A). (Emphasis added.) *Page 8 
 {¶ 26} The use of the present tense ("is convicted of," "pleads guilty to") ensures that the statute applies to offenders who commit a sexually-oriented offense upon or after the effective date of the statute. In addition, by including the past perfect tense ("has been convicted of," "has pleaded guilty to"), the legislature demonstrated its intent that offenders who committed their crimes before the statute was enacted be included within the reach of the statute. See, e.g.,Nasal v. Dover, 169 Ohio App.3d 262, 2006-Ohio-5584, ¶ 17 (concluding that the use of the past and present tenses in R.C. 2950.031 cannot be reconciled "with a construction of the statute that would apply only to persons who are convicted of the predicate offenses after the effective date of the statute"). Consequently, the statute applies to all persons who commit a sexually-oriented offense that is not a registration-exempt sexually-oriented offense, regardless of when the conviction occurred or the guilty plea was entered.
 {¶ 27} Appellant analogizes his case to a Ninth District Court of Appeals case, State v. Consilio, Summit App. No. 22761, 2006-Ohio-649. The Consilio court concluded that R.C. 2901.07, a statute requiring certain prisoners to submit to DNA testing, was unconstitutionally applied to the defendant in that case because the statute contained no express retroactivity language. Consilio at ¶ 11, 15. Notably, followingConsilio, the General Assembly clarified its intent that R.C. 2901.07 be applied retroactively by amending the statute in July 2006.[3] Even in amending the statute, the legislature affirmed that the statute was always intended to be applied retroactively. The section notes to the amended statute highlight that the purpose in amending the statute was "to reaffirm that it is the General Assembly's intent that, under that section as it existed prior to the effective date of this act,"
offenders would be required to submit to DNA testing regardless of the date of the conviction or the guilty plea. R.C. *Page 9 2901.07, section notes, citing Sub. S.B. No. 262, Section 3, effective July 11, 2006. (Emphasis added.) See, e.g., State v. Hawkins, Hamilton App. No. C-060114, 2006-Ohio-6044, ¶ 11. We thus find appellant's analogy to the Consilio case to be inapposite. The absence of express retroactivity language does not manifest an automatic intent on the part of the legislature that a statue be applied prospectively only.
 {¶ 28} After determining that the legislature intended R.C. 2950.031
to apply retroactively, the trial court went on to analyze whether the statute was substantive or remedial. A "substantive" statute impairs or retracts vested rights, affects an accrued substantive right, imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction, or creates a new right. Van Fossen v. Babcock WilcoxCo. (1988), 36 Ohio St.3d 100, 107. A "remedial" statute affects only the remedy provided, and includes laws that merely substitute a new or more appropriate remedy for the enforcement of an existing right. Id. A statute that is purely remedial, even if applied retroactively, does not violate the Retroactivity Clause of the Ohio Constitution. See id.
 {¶ 29} The trial court concluded that the residency restriction imposed by R.C. 2950.031 was remedial and therefore constitutionally sound. Appellant disagrees, arguing that the statute is unconstitutional because it impairs his substantive property rights. Appellant stresses that all Ohioans are entitled to an inalienable right to acquire and possess property under the Ohio Constitution. Section 1, Article I, Ohio Constitution. See, also, Norwood v. Horney, 110 Ohio St.3d 353,2006-Ohio-3799, ¶ 38. This substantive right, according to appellant, has been infringed upon by the retroactive application of R.C. 2950.031
to prohibit him from residing at the Chapel Road residence.
 {¶ 30} The Ohio Constitution provides that "[a]ll men * * * have certain inalienable rights, among which are those of * * * acquiring, possessing, and protecting property * * *." Section 1, Article I, Ohio Constitution. Appellant's construction of this constitutional protection *Page 10 
as a "substantive right to possess property which his wife has purchased" is overbroad. First, it is appellant's wife Olivia, and not appellant, who owns the Chapel Road residence. The injunction against appellant therefore does not impede upon any ownership rights with respect to appellant. Second, as earlier stated, R.C. 2950.031 does not prohibit an offender such as appellant from owning, renting, or leasing a home within 1,000 feet of a school premises. Rather, the statue prohibits appellant and like offenders from residing in a home in the prohibited zone. Such a restriction does not infringe upon appellant's substantive property rights as enumerated in the Ohio Constitution.
 {¶ 31} We agree with the trial court's determination that R.C.2950.031 is remedial and not substantive. Citing the Ohio Supreme Court, the trial court noted that a later enactment does not burden or attach a new disability to a past transaction unless the past transaction "created at least a reasonable expectation of finality." See State v.Billings, 139 Ohio Misc.2d 76, 2006-Ohio-4743, ¶ 37, citing State exrel. Matz v. Brown (1988), 37 Ohio St.3d 279, 281-82. Felons do not have a reasonable expectation of finality because their criminal conduct may thereafter be made the subject of legislation. Matz at 282. See, e.g., R.C. 2743.60(E) (prohibiting persons convicted of a felony within the previous ten years from recovering under the Ohio Victims of Crime statute); R.C. 2923.13(A)(2) (prohibiting persons convicted of certain violent crimes from acquiring, possessing, or using any firearm or dangerous ordnance); R.C. 3319.39(B) (prohibiting schools from employing persons previously convicted of certain offenses). Relying upon theMatz decision, the trial court found that the residency requirements of R.C. 2950.031 were necessary to achieve the goals of R.C. Chapter 2950 and were therefore remedial.
 {¶ 32} While appellant's ability to reside in the Chapel Road residence may be affected by R.C. 2950.031, the statute does not operate as a complete divestment of appellant's property rights. Appellant is free to live in any area that is not within 1,000 feet of a school *Page 11 
premises. The statute is not triggered unless appellant moves into one of these prohibited zones. In other words, the statute is not automatically triggered by the mere fact that appellant was convicted of a sexually-oriented offense requiring registration as a sex offender. Rather, the statute was triggered by appellant's affirmative act of moving into an area that was within 1,000 feet of school premises.
 {¶ 33} We conclude that the trial court did not err in holding that R.C. 2950.031, as applied to appellant, does not violate the Retroactivity Clause of the Ohio Constitution. Appellant's second assignment of error is overruled.
 {¶ 34} We observe that appellant's case is distinguishable from recent cases addressing the constitutionality of R.C. 2950.031. As stated, appellant was convicted of rape in July 1991. R.C. 2950.031 became effective on July 31, 2003. Appellant's wife purchased the Chapel Road residence sometime before the enactment of R.C. 2950.031. Appellant has maintained his residence at Chapel Road since April 2005, after the statute had gone into effect.
 {¶ 35} A search of case law reveals no cases where the offender challenging the constitutionality of R.C. 2950.031 under the Retroactivity Clause was convicted of a sexually-oriented offense that is not a registration-exempt sexually-oriented offense prior to the effective date of the statute and moved in to a residence within 1,000 feet of a school premises after the statute became effective. InHyle v. Porter, 170 Ohio App.3d 710, 2006-Ohio-5454, the offender was both convicted and resided in his residence within 1,000 feet of a school prior to the statute's enactment. The First District Court of Appeals determined that the statute could be applied to an offender who had committed his offense and purchased his home prior to the effective date of the statute. Hyle at ¶ 1. The court found that the statute, as applied to the offender in that case, did not violate the Ex Post Facto Clause of the United States Constitution or the Retroactivity Clause of the Ohio Constitution. See, generally, Hyle. *Page 12 
 {¶ 36} Addressing the constitutionality of R.C. 2950.031 in light of the Ex Post Facto Clause only, the Second District Court of Appeals reached the same conclusion under a similar factual timeline in State v.Cupp, Montgomery App. Nos. 21176, 21348, 2006-Ohio-1808. Nonetheless, in a subsequent case, the Second District ruled that R.C. 2950.031 did violate Ohio's Retroactivity Clause when applied to an offender who owned and occupied his residence within 1,000 feet of a school and committed his offense prior to the effective date of the statute.Nasal v. Dover, 169 Ohio App.3d 262, 2006-Ohio-5584, ¶ 23. The Second District concluded that the application of the statue under such facts unconstitutionally divested the offender of his substantive property rights under Ohio's Retroactivity Clause.[4] Id.
 {¶ 37} Like the offenders in Hyle and Nasal, appellant committed his sexually-oriented offense prior to the enactment of R.C. 2950.031. Unlike the offenders in those cases, however, appellant moved into the Chapel Road residence after the statute went into effect. Appellant's conviction of the sexually-oriented offense prior to the enactment of the statute and subsequent classification as a sex offender exposed him to future collateral consequences of his conviction. See Matz,37 Ohio St.3d at 281-82. The enactment of R.C. 2950.031 is such a consequence of appellant's felony conviction, and is not rendered unconstitutionally void by its retroactive application to appellant. See id.
 {¶ 38} We conclude that the trial court did not err in ruling that R.C. 2950.031 is not in conflict with the United State Constitution or the Ohio Constitution. The trial court did not abuse its discretion in granting the permanent injunction against appellant. Ray v. Bd. of *Page 13 Union Twp. Trustees, Clermont App. No. CA2006-06-039, 2007-Ohio-3001, ¶ 10
(noting that appellate review of a trial court decision granting or denying an injunction entails the abuse of discretion standard).
 {¶ 39} Judgment affirmed.
YOUNG, P.J., and BRESSLER, J., concur.
[1] No appeal was taken from the portion of the trial court decision granting Olivia Billings' motion to dismiss the complaint. Olivia is not a party to this appeal.
[2] R.C. 2950.031 has since been amended and recodified as R.C.2950.034, effective July 1, 2007.
[3] The amended version of R.C. 2901.07 provides for the collection of DNA samples from felony offenders "[r]egardless of when the conviction occurred or the guilty plea was entered * * *."
[4] The Ohio Supreme Court has certified a conflict for review ofHyle v. Porter, 170 Ohio App.3d 710, 2006-Ohio-5454 and Nasal v.Dover, 169 Ohio App.3d 262, 2006-Ohio-5584. The question certified for review is "[w]hether R.C. 2950.031 — Ohio's residency-restriction statute prohibiting certain sexually oriented offenders from living within 1,000 feet of a school — can be applied to an offender who had bought his home and committed his offense before July 31, 2003 (the effective date of the statute)." Hyle v. Porter, 112 Ohio St.3d 1487,2007-Ohio-724. Notably, however, the disposition of this conflict is not directly dispositive of the present matter, as appellant committed his offense before July 31, 2003 but established his residence within 1,000 feet of a school after July 31, 2003. *Page 1