DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Craig Consilio, appeals from the judgment of the Summit County Court of Common Pleas ordering him to submit a DNA sample and thumbprint. This Court reverses.
 I. {¶ 2} On August 6, 2002, Appellant pled guilty to driving under the influence of alcohol or drugs, a felony of the fourth degree. Appellant was sentenced to six months incarceration by judgment entry dated September 5, 2002. On or about January 10, 2003, Appellant was granted judicial release and placed on three years community control. As Appellant neared the end of his community control, the Probation Department notified him that he must submit a DNA sample and a thumbprint as required by R.C.2901.07. Appellant filed a motion in opposition to that directive on May 27, 2005 in which he argued that the law in effect when he was sentenced on January 10, 2003 did not require him to submit a DNA sample or thumbprint and that such a directive violated many of his constitutional rights. On June 6, 2005, the trial court denied the motion and ordered Appellant to comply with the statute. Appellant timely appealed the trial court's order, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN DENYNG APPELLANT'S MOTION IN OPPOSITION TO THE PROBATION DEPARTMENT'S RETROACTIVE REQUEST FOR DNA SAMPLE AND THUMBPRINT PURSUANT TO HOUSE BILL 525 AND O.R.C. 2901.07."
 {¶ 3} In his sole assignment of error, Appellant contends that the trial court erred in denying his motion in opposition to the Probation Department's retroactive request for a DNA sample and thumbprint pursuant to HB 525 and R.C. 2901.07. Appellant specifically contends that the retroactive application of R.C.2901.07 violates the prohibition against retroactive laws in Section 28, Article II of the Ohio Constitution. We agree.
 {¶ 4} An appellate court considers an appeal from a trial court's interpretation and application of a statute de novo.State v. Sufronko (1995), 105 Ohio App.3d 504, 506. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711.
 {¶ 5} Effective May 18, 2005, HB 525 amended R.C. 2901.07. The relevant portion of R.C. 2901.07 provides:
"(3)(a) If a person is convicted of or pleads guilty to a felony offense or a misdemeanor offense listed in division (D) of this section and the person is on probation, released on parole, under transitional control, on community control, on post-release control, or under any other type of supervised release under the supervision of a probation department or the adult parole authority, the person shall submit to a DNA specimen collection procedure administered by the chief administrative officer of the probation department or the adult parole authority. * * *"
and
"(D) The director of rehabilitation and correction, the chief administrative officer of the jail, community-based correctional facility, or other county, multicounty, municipal, municipal-county, or multicounty-municipal detention facility, or the chief administrative officer of a county probation department or the adult parole authority shall cause a DNA specimen to be collected in accordance with divisions (B) and (C) of this section from a person in its custody or under its supervision who is convicted of or pleads guilty to any felony offense or to any of the following misdemeanor offenses[.]"
The predecessor legislation restricted the collection of specimens to certain distinct classifications of felony offenses. By contrast, the new legislation expands the collection requirements to all felony offenses and to offenders who are "on community control" or "under any other type of supervised release[.]"
 {¶ 6} The trial court, citing State v. Steele,155 Ohio App.3d 659, 2003-Ohio-7103, held that Appellant was required to submit a DNA sample and thumbprint in accordance with R.C.2901.07 because he had been convicted of a felony offense and was on community control. The trial court found that such a requirement does not violate the Fourth Amendment.
 {¶ 7} Appellant contends that the trial court erred in ordering him to comply with R.C. 2901.07 because he was not required to submit a DNA sample and thumbprint as a condition of his plea negotiation entered into in 2002 and/or the rules of probation attendant to his conviction, and the trial court has no authority to force him to comply with R.C. 2901.07 now, as the statute does not expressly set forth a retroactive application.
 {¶ 8} Pursuant to R.C. 1.48, statutes are presumed to apply only prospectively unless specifically made retroactive. Under Section 28, Article II [the constitutional provision prohibiting the General Assembly from passing retroactive laws] of the Ohio Constitution, a statute is unconstitutional if it is expressly retroactive[1] and is substantive, as opposed to merely remedial. State v. LaSalle, 92 Ohio St.3d 178, 2002-Ohio-4009, at ¶ 13. The Ohio Supreme Court has set forth a two-step analysis that a court should follow to determine whether a statute is unconstitutionally retroactive. State v. LaSalle,92 Ohio St.3d 178, 2002-Ohio-4009, at ¶ 14; Van Fossen v. Babcock WilcoxCo. (1988), 36 Ohio St.3d 100, paragraph one of the syllabus. Step one involves the determination of whether the legislature actually intended the statute to be applied retroactively. Id. With regard to the determination of legislative intent, the Ohio Supreme Court provides:
"[i]ntent is determined by construing, and then applying, R.C.1.48. R.C. 1.48 provides, `A statute is presumed to be prospective in its operation unless expressly made retrospective.' The Van Fossen court held that R.C. 1.48
establishes a threshold analysis that must be undertaken prior to any inquiry under Section 28, Article II of the Ohio Constitution. Inquiry into whether a statute may be constitutionally applied retrospectively continues only after an initial finding that the General Assembly expressly intended that the statute be applied retrospectively. Id., paragraph two of the syllabus. Thus, absent a clear pronouncement by the General Assembly that a statute is to be applied retrospectively, a statute may be applied prospectively only. R.C. 1.48." (Internal citations omitted.) LaSalle, 92 Ohio St.3d at ¶ 14; See VanFossen, 36 Ohio St.3d at paragraph one of the syllabus.
If a statute meets the threshold test for retroactive application pursuant to R.C. 1.48, only then must the court determine whether it violates Section 28, Article II of the Ohio Constitution. State v. Cook (1998), 83 Ohio St.3d 404, 410.
 {¶ 9} We find guidance for our disposition of this issue inState v. Cook. Id. In Cook, the Ohio Supreme Court considered whether the application of R.C. 2950.09 (which governs the adjudication of a person as a sexual predator or a habitual sex offender) to conduct occurring prior to the effective date of the statute rendered the statute unconstitutional. Id. The Ohio Supreme Court found that the language of the statute reflected clear legislative intent that it be applied retrospectively. Id. at 410. In so finding, the Ohio Supreme Court identified the following portion of the statute:
"R.C. 2950.09(C)(1) applies to those sex offenders who were convicted and sentenced prior to the effective date of the statute and are still imprisoned when the statute became effective. * * * Consequently, we find a clearly expressed legislative intent that R.C. Chapter 2950 be applied retrospectively." Id.
 {¶ 10} A review of legislative enactments and amendments demonstrates that the General Assembly is able to expressly indicate that a statute should be applied retrospectively. SeeState ex rel. Kilbane v. Industrial Comm'n of Ohio (2001),91 Ohio St.3d 258 (finding express legislative intent that statute (R.C. 4123.65) apply retroactively where uncodified law stated that amendment to workers compensation statute was applicable to all "pending" claims for compensation, with certain exceptions);Bielat v. Bielat (2000), 87 Ohio St.3d 350, 353 (explaining that, by its express terms, R.C. 1709.11 applies to registrations of securities made "prior to, on, or after the effective date of the section, by decedents dying prior to, on, or after that date"); State v. McDonald, 6th Dist. No. E-04-009,2005-Ohio-798 (finding that legislature expressly intended that post-conviction relief be applied retroactively because they granted defendants the right to file a petition within either 180 days of sentencing or "within one year from the effective date of this act"); and Dixon v. Walcutt, 152 Ohio App.3d 372,2003-Ohio-1667, at ¶ 19 (determining that legislature intended child support statute (R.C. 3111.13) to apply retrospectively where statute expressly stated that a "party is entitled to obtain a modification of an existing order * * * [that] was issued prior to, on, or after October 27, 2000").
 {¶ 11} Under this guidance, we find that the amended version of R.C. 2901.07 contains no express language that the statute is to be applied retroactively and thus does not withstand the first step of the analysis set forth in R.C. 1.48. The legislature did not include the term "retroactive" or "retrospective" in any of the sections, nor did it state that the statute applies to offenders that have already been convicted or had been convicted on, before and/or prior to a certain date or to offenders that are on community control, etc. as of a certain date. NationwideMut. Ins. Co. v. Gula (1995), 9th Dist. No. 17221, at *2. The inclusion of such language as "[i]f a person is convicted of or pleads guilty to a felony offense * * * and the person is on * * * on community control" does not demonstrate a clear manifestation of the General Assembly's intent that the statute apply retroactively. Cartwright v. The Maryland Ins. Group
(1995), 101 Ohio App.3d 439, 444. Had the legislature intended that R.C. 2901.07 apply retroactively, i.e. to persons convicted and/or on community control, etc. prior to the effective date of the amendment, it certainly could have clarified this intention by including specific language to that end.
 {¶ 12} Further, we find that the trial court erred in relying on Steele as it is not analogous to this matter. While incarcerated for another crime, the defendant in Steele gave a DNA sample pursuant to R.C. 2901.07 for inclusion in the DNA database. 155 Ohio App.3d at 662. Based upon the defendant's DNA sample, the defendant was ultimately convicted of kidnapping and rape. Id. On appeal, the defendant contended that the state violated his constitutional rights by prosecuting him for rape and kidnapping beyond the six-year statute of limitations prescribed by R.C. 2901.13(A)(1) in 1994, the time of the offense. He further claimed that the collection of the DNA specimen pursuant to R.C. 2901.07 violated the Fourth Amendment prohibition against unlawful search and seizure.
 {¶ 13} The First District Court of Appeals found that R.C.2901.13, which was amended in 1999 to extend the statute of limitations for rape and kidnapping from six to twenty years, could be retroactively applied to the defendant because (1) the statute contained clear language demonstrating the legislature's intent that it be applied retroactively (the amended version of R.C. 2901.13 applies to offenses committed prior to the effective date of the amendment if prosecution for the offense was not barred under R.C. 2901.03 as it existed on the day prior to the effective date) and (2) the amended provision was remedial. Id. at 663. The Steele court further held that the collection of DNA specimens as required under R.C. 2901.07 does not violate theFourth Amendment proscription against unreasonable search and seizure. Id. at 672-673.
 {¶ 14} Upon review, we find that the Steele case is inapplicable to the within matter. Although the Steele court considered a Fourth Amendment challenge to R.C. 2901.07, it did not consider whether R.C. 2901.07 could be constitutionally applied retroactively. We therefore find that the trial court erred in relying on Steele to support the retroactive application of R.C. 2901.07 to Appellant by ordering that he comply with R.C. 2901.07.
 {¶ 15} Absent express legislative intent that R.C. 2901.07
apply retroactively, we must presume that the legislature intended it be applied only prospectively. LaSalle,
92 Ohio St.3d at ¶ 14; see Boldt v. Boldt (1998), 9th Dist. No. 18736, at *4 ("If there is no clear indication of retroactive application, then the statute may only apply to cases which arise subsequent to its enactment"), quoting Kiser v. Coleman (1986),28 Ohio St.3d 259, 262. We therefore find that the trial court erred in retroactively applying R.C. 2901.07. Accordingly, we need not analyze the statute under Section 28, Article II of the Ohio Constitution or the Fourth Amendment to the U.S. Constitution. Cook, 83 Ohio St.3d at 410. Appellant's assignment of error is sustained.
 III. {¶ 16} Appellant's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, J. concurs.
[1] The words "retroactive" and "retrospective" are used interchangeably. Bielat v. Bielat (2000), 87 Ohio St.3d 350,353. "Both terms describe a law that is `made to affect acts or facts occurring, or rights accruing, before it came into force.'" Id. citing Black's Law Dictionary (6 Ed. 1990) 1317.