[Cite as *Li v. Du*, 2022-Ohio-917.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DAVID LI, et al.

    Appellants

v.

MIKE GANG DU, et al.

    Appellees

C.A. No.    29787

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2018-03-1469

DECISION AND JOURNAL ENTRY

Dated: March 23, 2022

TEODOSIO, Presiding Judge.

**{¶1}** Cindy and David Li appeal the order of the Summit County Court of Common Pleas. We affirm.

I.

**{¶2}** In 2018, Cindy and David Li ("the Lis"), on their own behalf and as guardians of T.L., a minor, filed a complaint against Mike Gang Du and Julie Zheng Zhou ("the Du/Zhous") alleging defamation and intentional infliction of emotional distress. The Du/Zhous responded with a counterclaim alleging abuse of process and frivolous conduct. On December 19, 2018, Ms. Li attended her deposition at the offices of the Du/Zhous' attorney, Karen C. Lefton. During the deposition, Ms. Li used her cellphone to record the proceedings, and at the conclusion of the deposition, Ms. Li left her cellphone behind. After discovering the cellphone, Attorney Lefton contacted the Lis' attorney, J. Reid Yoder, expressing concerns that the cellphone may have

recorded privileged communications between her and her clients. That same day, the cellphone was returned to Ms. Li and the offending recording was erased.

{¶3} In March 2019, the Lis filed a motion to disqualify defense counsel, requesting that Attorney Karen C. Lefton and her firm, the Lefton Group, be disqualified from representing the defendants because of violations of Ohio's Rules of Professional Conduct. The motion alleged that after Ms. Li's cellphone had been inadvertently left behind after her deposition, defense counsel accessed the phone's contents and transferred recordings or other files into her possession. These files are alleged to contain privileged attorney-client communications between the Lis and their attorney. Attorney Lefton denies these allegations.

{¶4} A hearing was held before the magistrate on the motion to disqualify defense counsel. At the hearing, the Du/Zhous argued that forensic testing of Ms. Li's cellphone was necessary to determine whether Attorney Lefton had accessed or attempted to access the cellphone's content, and if any information was obtained. Plaintiffs' counsel had previously told Ms. Lefton that the cellphone would be forensically analyzed to prove that it had been accessed, but stated that no such analysis had been done, and that to do so would constitute an invasion of Ms. Li's privacy.

{¶5} After the hearing, the magistrate issued an order for Ms. Li to submit the cellphone for forensic testing as set forth in a separately filed protective order. The Lis subsequently filed a motion to set aside the magistrate's order and to appoint a special master and a motion to stay imposition of the magistrate's order. The trial court denied these motions. The Lis now appeal, raising three assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT'S ORDER COMPELLING PRODUCTION OF THE
PHONE VIOLATES THE LIS' ATTORNEY-CLIENT PRIVILEGE.

{¶6} In their first assignment of error, the Lis argue the trial court erred in ordering the production of the cellphone because it violated the Lis' attorney-client privilege. We do not agree.

{¶7} Generally, this Court applies an abuse of discretion standard when reviewing discovery orders. *Teodecki v. Litchfield Twp.*, 9th Dist. Medina No. 14CA0035-M, 2015-Ohio-2309, ¶ 45, citing *Giusti v. Akron Gen. Med. Ctr.*, 178 Ohio App.3d 53, 2008-Ohio-4333, ¶ 12 (9th Dist.). However, when the information sought in discovery is alleged to be confidential and privileged, it is a question of law that is reviewed de novo. *Teodecki* at ¶ 45, citing *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, ¶ 13. Because the discovery issue raised by Ms. Li involves whether her cell phone is protected by the attorney-client privilege, we review this matter de novo. *See Teodecki* at ¶ 45. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶8} Civ.R. 26(B) provides: "Parties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." (Emphasis added.) Generally, communications between an attorney and his or her client are privileged. *See* R.C. 2317.02(A).

"The attorney-client privilege exempts from the discovery process certain communications between attorneys and their clients. The privilege has long been recognized by the courts[.]" *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209, 210 (2001), fn. 2, citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) and *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 660 (1994). "[T]he party seeking protection under the [attorney-client] privilege carries the burden of establishing the existence of that privilege." *Nageotte v. Boston Mills Brandywine Ski Resort*, 9th Dist. Summit No. 26563, 2012-Ohio-6102, ¶ 8, quoting *Perfection Corp. v. Travelers Cas. & Sur.*, 153 Ohio App.3d 28, 2003-Ohio-2750, ¶ 12 (8th Dist.). "Application of a privilege is not automatic." *Chuparkoff v. Farmers Ins. of Columbus, Inc.*, 9th Dist. Summit No. 22083, 2004-Ohio-7185, ¶ 9, citing *McPherson v. Goodyear Tire & Rubber Co.*, 146 Ohio App.3d 441, 444 (9th Dist.2001).

{¶9} In her brief to this Court, Ms. Li argues that she "stores attorney-client privileged information on her cellphone. * * * Thus, the cell phone and its contents are not subject to discovery." It is upon this basis that she argues that compelling production of the cell phone violates the attorney-client privilege.

{¶10} The Du/Zhous seek information directly relevant to the motion to disqualify filed by Ms. Li. Although it is entirely possible that Ms. Li's cell phone contains information that would fall under the attorney-client privilege, such information is not being directly sought. Moreover, as discussed below, the trial court took multiple precautions to protect any such information. Ms. Li has failed to show that the Du/Zhous seek the discovery of privileged information.

{¶11} The trial court recognized, however, that even if privileged information was not directly being sought, an inherent danger existed that privileged material might be accessed in

ordering the forensic copy of the storage media installed on the cellphone. *See Bennett v. Martin*, 10th Dist. Franklin No. 09AP-294, 2009-Ohio-6195, ¶ 40 ("Generally, courts are reluctant to compel forensic imaging largely due to the risk that the imaging will improperly expose privileged and confidential material contained on the hard drive."). Because allowing access to a party's electronic information system raises issues of privacy and confidentiality, courts must guard against undue intrusiveness. *Id.*

{¶12} In lieu of these concerns, the Tenth District Court, in *Bennett v. Martin*, concluded that before compelling forensic imaging, a court must weigh the privacy and confidentiality concerns against the utility or necessity of the imaging. *Id.* at ¶ 41. Furthermore:

> In determining whether the particular circumstances justify forensic imaging, a court must consider whether the responding party has withheld requested information, whether the responding party is unable or unwilling to search for the requested information, and the extent to which the responding party has complied with discovery requests. When a requesting party demonstrates either discrepancies in a response to a discovery request or the responding party's failure to produce requested information, the scales tip in favor of compelling forensic imaging.

(Internal citations omitted.) *Id.*

{¶13} In weighing the parties' interest in obtaining the requested information against privacy concerns, the trial court stated that it was the Lis who had alleged that the defendants' attorney engaged in professional misconduct by accessing confidential or privileged information on Ms. Li's cellphone, and that an analysis of the cellphone could prove or disprove the allegations of misconduct. The trial court further noted that the Lis were in possession of the only tangible proof of their allegations, yet had refused to provide such proof.

{¶14} As in *Bennett*, the defendants' intransigence in providing the discovery at issue justified the scope of the trial court's order. *Id.* at ¶ 43. However, even when a defendant's conduct makes forensic imaging appropriate, a court must protect the defendant's confidential

information, as well as preserve any private or privileged information. *Id.* at ¶ 47. Generally, courts therefore adopt a protocol whereby an independent computer expert, subject to a confidentiality order, creates a forensic image of the system and retrieves the pertinent files. *Id.*

{¶15} The protective order governing the imaging and inspection of Ms. Li's cellphone included a provision for the creation of a forensic image of the storage media installed on the cellphone to permit the extraction and analysis of content and artifacts. Ms. Li's attorney or authorized representative would be allowed to observe the creation of each forensic image by Vestige Digital Investigations ("Vestige"), a company specializing in digital forensics. Vestige would create a computer analysis team to identify and extract the relevant content from the forensic image and would use its expertise to create protocols or procedures to safeguard against any potential waiver of privilege due to the inadvertent production of documents subject to claims of attorney-client or work product privilege. Relevant content was limited to that which would determine whether the cellphone was accessed on December 19, 2018, after Ms. Li's deposition took place. Vestige would give its reports directly to the trial court, but not to either party. The protective order further provided that information contained on the forensic images would be considered confidential and that the trial court would decide whether to release the information to the parties, and if so, whether to do it under an additional protective order.

{¶16} Our review indicates that the trial court engaged in the proper analysis as set forth in *Bennett*: it both weighed the privacy and confidentiality concerns against the necessity of forensic imaging and adopted a protocol with substantial precautions to safeguard against the exposure of confidential or privileged information. We therefore find no error by the trial court in its order compelling the production of forensic imaging of the cellphone under these circumstances.

{¶17}  The Lis' first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE LIS' MOTION TO APPOINT SPECIAL MASTER TO OVERSEE DISCOVERY OF THE CELLPHONE.

{¶18}  In their second assignment of error, the Lis argue the trial court erred by failing to appoint a special master to oversee discovery of the cellphone.  We do not agree.

{¶19}  When reviewing a trial court's ruling on discovery issues, we apply the abuse of discretion standard.  *Harpster v. Advanced Elastomer Sys., L.P.*, 9th Dist. Summit No. 22684, 2005–Ohio–6919, at ¶ 6.  An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court.  *Freeman v. Crown City Mining, Inc.*, 90 Ohio App.3d 546, 552 (4th Dist.1993).

{¶20}  The Lis argue that Vestige was essentially an agent for the Du/Zhous' co-counsel because it had worked with him in the past.  The trial court found that the Lis failed to show the existence of a relationship between Vestige and Du/Zhous' attorney which would merit a finding that Vestige was an agent of the attorney.  In addition, the trial court found that the Lis had not demonstrated that the conditions set forth in the magistrate's order were insufficient to protect any privileged or confidential information found on the cellphone and that the appointment of a special master was required.

{¶21}  We find no abuse of discretion in the determination by the trial court that the Lis had not demonstrated the necessity of appointing a special master.  There is no evidence to suggest that by the mere fact that the one of the Du/Zhous' attorneys had previously worked with

Vestige and had experience with its methodology, Vestige was a de facto agent for either the Du/Zhous or their counsel as is suggested by the Lis.

{¶22} The second assignment of error is overruled.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED IN ORDERING MRS. LI TO PRODUCE HER CELLPHONE DURING DISCOVERY.

{¶23} In their third assignment of error, the Lis argue the trial court erred because it failed to conduct a proper independent review of the magistrate's order. We do not agree.

{¶24} Magistrates have the authority to "enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." Civ.R. 53(D)(2)(a)(i). "Orders regulating discovery * * * clearly fall under the purview of this rule." *J & B Fleet Indus. Supply, Inc. v. Miller*, 7th Dist. Mahoning No. 09 MA 173, 2011–Ohio–3165, ¶ 30. "We review a trial court's decision to deny a motion to set aside a magistrate's order for abuse of discretion." *Freeman v. Freeman*, 9th Dist. Wayne No. 07CA0036, 2007-Ohio-6400, ¶ 43, citing *Baire v. Baire*, 102 Ohio App.3d 50, 53 (2d Dist.1995). When the issue presented for appellate review presents purely a question of law, however, this Court employs a de novo standard of review. *Lucas v. Ford Motor Co.*, 9th Dist. Summit No. 28622, 2018-Ohio-3765, ¶ 16.

{¶25} The Lis contend that the trial court failed to correctly review the magistrate's order because it did not conduct an independent review of the facts and law. In support of this argument, the Lis cite to authority addressing a trial court's review of a magistrate's *decision* under Civ.R. 53(D)(3) & (4); they offer no authority addressing the review of a magistrate's

*order* under Civ.R. 52(D)(2).[1]  As a consequence, the Lis have failed to cite to any legal authority supporting their position as mandated by App.R. 16(A)(7) and former Loc.R. 7(A)(6). *See State ex rel. Rothal v. Smith*, 151 Ohio App.3d 289, 2002–Ohio–7328, ¶ 90 (9th Dist.).

{¶26}  We further note, however, that even if this Court were inclined to apply the standards for reviewing a magistrate's decision to a magistrate's order, we would find no error by the trial court.  "An appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below." *Hartt v. Munobe*, 67 Ohio St.3d 3, 7 (1993).  "Appellate courts thus presume that a trial court conducted an independent analysis in reviewing a magistrate's decision in accordance with Civ.R. 53(D)(4)(d) * * *." *Faulks v. Flynn*, 4th Dist. Scioto No. 13CA3568, 2014-Ohio-1610, ¶ 27.  "Accordingly, a party asserting error bears the burden of affirmatively demonstrating the trial court's failure to perform its * * * duty of independent analysis." *Freeman* at ¶ 53.  "An affirmative duty requires more than a mere inference, it requires appellant to provide the reviewing court with facts to rebut our general presumption." *In re Taylor G.*, 6th Dist. Lucas No. L-05-1197, 2006-Ohio-1992, ¶ 21.  The Lis have not met this burden.

{¶27}  The trial court's nine-page order denying the Lis' motion to set aside the magistrate's order engaged in a thorough and detailed review of relevant arguments, stating that the court had conducted an independent review and analysis of the issues, applicable law, and exhibits.  We find no indication that the trial court failed to conduct an independent analysis.

---

[1] The Lis' argument is premised on language in Civ.R. 53(D)(4): "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections.  In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."  Likewise, the cases cited by the Lis further address the independent review of a magistrate's decision.

{¶28} The third assignment of error is overruled.

III.

{¶29} The Lis' assignments of error are overruled. The order of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

THOMAS A. TEODOSIO
FOR THE COURT

SUTTON, J.
PIETRYKOWSKI, J.
CONCUR.

(Pietrykowski, J., of the Sixth District Court of Appeals, sitting by assignment.)

APPEARANCES:

J. REID YODER, Attorney at Law, for Appellants.

KAREN C. LEFTON and MAX W. THOMAS, Attorneys at Law, for Appellees.