[Cite as *A. Morgan Bldg. Group, L.L.C. v. Owners Ins. Co.*, 2023-Ohio-3133.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| THE A MORGAN BUILDING GROUP,<br>LLC | C.A. No.  30482 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE<br>COURT OF COMMON PLEAS |
| OWNERS INSURANCE CO. | COUNTY OF SUMMIT, OHIO<br>CASE No.  CV-2019-07-2432 |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: September 6, 2023

---

HENSAL, Presiding Judge.

{¶1} Owners Insurance Co. ("Owners") appeals an order of the Summit County Court of Common Pleas that granted The A. Morgan Building Group, LLC's ("A. Morgan") motion to unseal claims notes. For the following reasons, this Court affirms.

I.

{¶2} A. Morgan purchased a building that it brought into an insurance policy it had previously obtained from Owners. Within a month, the building was vandalized, leading A. Morgan to submit an insurance claim. Before Owners was able to inspect the damage, there was a fire at the building that caused substantial additional damage. A. Morgan, therefore, filed a second insurance claim.

{¶3} Although advancing some initial remediation funds to A. Morgan, Owners did not tell A. Morgan whether it was accepting or rejecting the claims for many months. A. Morgan eventually filed a lawsuit against Owners in federal court. After that case was dismissed, A.

Morgan filed this action against Owners, alleging breach of contract, unjust enrichment, breach of fiduciary duty, and bad faith in handling its claims. After Owners formally denied A. Morgan's claims, A. Morgan filed an amended complaint. Owners counterclaimed, seeking a declaration that A. Morgan did not comply with the insurance policy, that A. Morgan misrepresented the value of the building, and that A. Morgan unjustly received benefits based on the misrepresented value. Owners also sought to recoup the amount it had advanced for remediation.

{¶4} Owners sought to bifurcate A. Morgan's bad faith claim from the other claims. It also sought a protection order concerning any discovery related to the bad faith claim. The trial court ordered Owners to submit the documents it believed were privileged for an *in camera* review. After reviewing them, the court determined that Owners had properly redacted its claims file notes and determined that Owners did not have to provide them at that stage in the litigation. Later, following the final pretrial conference, A. Morgan moved to unseal the claims notes. The trial court reviewed the record and determined that Owners' legal counsel had been significantly involved in its decision to deny A. Morgan's insurance claim. After reviewing the unredacted claims file again, it ordered Owners to produce the unredacted version of many sections of the notes. Owners has appealed, assigning as error that the trial court incorrectly granted A. Morgan's motion to unseal.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT GRANTED THE A. MORGAN BUILDING GROUP'S MOTION TO UNSEAL CLAIMS NOTES.

{¶5} Owners argues that the trial court should not have unsealed parts of its claims file notes. "An order compelling the production of materials alleged to be protected by the attorney-client privilege is a final, appealable order under R.C. 2505.02(B)(4)." *State Auto. Mut. Ins. Co.*

*v. Rowe*, 9th Dist. Lorain No. 21CA011799, 2022-Ohio-4443, ¶ 12, quoting *In re Grand Jury Proceeding of John Doe*, 150 Ohio St.3d 398, 2016-Ohio-8001, ¶ 21. "Generally, this Court applies an abuse of discretion standard when reviewing discovery orders." *Jacobs v. Equity Trust Co.*, 9th Dist. Lorain No. 20CA011621, 2020-Ohio-6882, ¶ 7. If "information sought in discovery is alleged to be confidential and privileged," however, "it is a question of law that is reviewed de novo." *Id*. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶6} Owners argues that its claims file notes contain confidential attorney-client communications that are privileged. It agrees that privileged communications may be subject to discovery if they "may cast light on bad faith on the part of the insurer." *Stewart v. Siciliano*, 11th Dist. Ashtabula No. 2011-A-0042, 2012-Ohio-6123, ¶ 55, quoting *Unklesbay v. Fenwick*, 167 Ohio App.3d 408, 2006-Ohio-2630, ¶ 21. Owners argues that its claims file notes are not discoverable, however, because the documents do not show any bad faith by Owners.

{¶7} In *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209 (2001), the Ohio Supreme Court held that, "[i]n an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage." *Id*. at syllabus. The Supreme Court reasoned that "claims file materials that show an insurer's lack of good faith in denying coverage are unworthy of protection" by attorney-client privilege. *Id*. at 213. It distinguished Revised Code Section 2317.02(A), explaining that, whereas Section 2317.02 "provides the exclusive means by which privileged attorney-client communications can be waived by the client[,]" attorney-client

communications showing a lack of good faith are "undeserving of protection" in the first place. *Id*. at 212-213.

{¶8}   Two years after *Boone*, the Second District Court of Appeals addressed "which claims-file materials are discoverable with regard to a bad-faith claim under *Boone*," and concluded "that the critical issue in evaluating the discoverability of otherwise privileged materials is not whether the attorney-client communications related to the existence of coverage but, rather, whether they may cast light on bad faith on the part of the insurer." *Garg v. State Auto. Mut. Ins. Co.*, 155 Ohio App.3d 258, 2003-Ohio-5960, ¶ 20, 21 (2d Dist.).   The court reviewed the documents at issue and determined that the trial court had properly compelled their production because they "may cast light on whether the insurer acted in bad faith in handling an insured's claim."  *Id*. at ¶ 24.

{¶9}   The Second District Court of Appeals addressed the issue again in *Unklesbay*.  It noted the Ohio Supreme Court's explanation in *Boone* that "materials in a claims file 'that show an insurer's lack of good faith in denying coverage are unworthy of protection." *Unklesbay*, 167 Ohio App.3d 408, 2006-Ohio-2630, at ¶ 21, quoting *Boone*, 91 Ohio St.3d 209 at 213.  The court also noted that, in *Garg*, it had identified the "critical issue" as whether the materials "may cast light on bad faith on the part of the insurer."  *Id*., quoting *Garg* at ¶ 24.  The court concluded that the trial court did not err when it identified which claims-file materials were subject to discovery under the facts of that case.

{¶10} In *Stewart*, the Eleventh District Court of Appeals also addressed the discoverability of an insurance company's claims file.  *Stewart*, 2012-Ohio-6123, at ¶ 41. Although noting that *Unklesbay* had stated that the critical issue was whether otherwise privileged materials may cast light on bad faith on the part of the insurer, it wrote that the Second District

had "cautioned that the attorney-client communications that were 'relevant to the insurance company's defense of [the] bad-faith claim but which did not themselves show any bad faith' in the insurance company's handling of the claim were not discoverable." (Alterations in original) *Id*. at ¶ 55, quoting *Unklesbay* at ¶ 22.

{¶11} This Court has not addressed whether a court must determine that claims-file materials "may cast light on bad faith on the part of the insurer" for them to be "related to the issue of coverage" under *Boone*. *Garg* at ¶ 19, 20, quoting *Boone* at syllabus. It also has not addressed whether attorney-client communications relevant to the issue of bad faith must "show" bad faith to be discoverable. *See Stewart* at ¶ 55. It is unnecessary, however, to resolve those issues in this case. In reviewing Owners' motion, the trial court stated that, "[i]n evaluating the discoverability of otherwise privileged materials in a claims file, the critical issue is 'whether they may cast light on bad faith on the part of the insurer.'" It also wrote that "attorney-client communications that are relevant to the insurer's defense of the bad-faith claim but which do not themselves show any bad faith are not discoverable."

{¶12} Owners argues that, although the trial court included the applicable law in its decision, it did not apply all of it when determining whether its claims-file materials are discoverable. Owners points to the fact that the court wrote that the materials were discoverable "because they may cast light on bad faith on the part of the insurer" but did not include a specific finding addressing whether any of the documents "do not themselves show any bad faith."

{¶13} Under *Stewart*'s framework, the initial question for a court is whether otherwise privileged materials may cast light on bad faith on the part of the insurer. *Stewart* at ¶ 55. The court then excludes any attorney-client communications that may be relevant to the defense of the bad-faith claim but which do not themselves show any bad faith. *Id*. If there are no documents to

exclude under the second step, however, there is no need for a court to include that fact in its decision. A court would only need to explain why it had determined that certain materials are not discoverable, even though they may cast light on bad faith on the part of the insurer.

{¶14} Upon review of the record, we conclude Owners has not established the trial court erred when it failed to make a finding that any of its claims-file materials constituted attorney-client communications that were relevant to its defense of the bad-faith claim but did not themselves show any bad faith. As the party seeking protection under a privilege, Owners had the burden of demonstrating that a privilege exists. *Owens v. ACS Hotels, L.L.C.*, 9th Dist. Summit No. 27787, 2016-Ohio-5506, ¶ 9. It has not identified any documents in the claims file that may be relevant to its defense of the bad-faith claim but which do not show any bad faith. It is also Owners' burden on appeal to affirmatively demonstrate error by the trial court. *Simon v. Simon*, 9th Dist. Summit 29615, 2021-Ohio-1387, ¶ 9. This Court will not presume that the trial court erred just because it did not find during its *in camera* review that any communications were not discoverable under the second step of the *Stewart* analysis.

{¶15} Owners next argues that the trial court did not base its decision on a vigilant *in camera* review of the claims file but, instead, on the deposition testimony of one of Owners' claims adjusters. Owners notes that the court mentioned the claims adjuster's testimony in determining whether Owners should produce the claim file. The trial court wrote in its decision, however, that "[h]aving reviewed the unredacted claims file, the court finds that [the] * * * materials * * * are discoverable because they may cast light on bad faith on the part of the insurer." The testimony of the claims adjuster may have provided context to the concise statements contained within the claims file and, in doing so, helped the court determine whether the redacted entries should be

disclosed. There is no indication in the record, however, that the trial court failed to base its decision on an *in camera* review of the claims file.

{¶16} Owners next argues that ordering the production of the unredacted claims file notes so close to the date of trial will hinder its defense against A. Morgan's bad faith claim. According to Owners, the production of the documents may also lead to its primary counsel being called as a witness and may alter its legal strategy.

{¶17} A. Morgan notes that, because of Owners' appeal, the trial date has been vacated and will not be reset until after the appeal is decided, giving Owners ample time to adjust its trial strategy. We agree with A. Morgan that Owners has not established that it has been prejudiced by the timing of the trial court's decision.

{¶18} Owners also argues that production of the claims file is not proper under Section 2317.02(A). It argues that, although the section specifically provides a testimonial privilege, the Ohio Supreme Court held in *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, that the privilege also protects "sought-after communications during the discovery process." *Id*. at ¶ 18, quoting *Jackson v. Greger*, 110 Ohio St.3d 488, 2006-Ohio-4968, ¶ 7 fn. 1.

{¶19} In *Givaudan Flavors*, a law firm brought an action against a former client, alleging breach of contract and money due on an account. *Id*. at ¶ 7. The client counterclaimed for breach of contract, malpractice, breach of fiduciary duty, fraud, and unjust enrichment. *Id*. In discovery, the law firm sought production of documents related to its representation of the client. The client objected, arguing that the documents were protected by attorney-client privilege and the work-product doctrine. At issue was "whether Ohio recognizes the self-protection exception to the attorney-client privilege * * *." *Id*. at ¶ 15. The Ohio Supreme Court noted that Section

2317.02(A) had codified the attorney-client privilege and explained that it applied not only to testimony at trial, "but also to protect the sought-after communications during the discovery process." *Id*. at ¶ 18, quoting *Jackson* at ¶ 7, fn. 1. The Court affirmed that Ohio "recognizes the common-law self-protection exception to the attorney-client privilege * * *." *Id*. at paragraph one of the syllabus.

{¶20} *Boone* also acknowledged Section 2317.02 but explained that allegations of bad faith present an exception to attorney-client privilege because "claims file materials that show an insurer's lack of good faith in denying coverage are unworthy of protection." *Boone*, 91 Ohio St.3d at 213. *Givaudan Flavors* did not concern the bad-faith-denial-of-insurance-coverage exception to the doctrine of attorney-client privilege and did not modify or overrule *Boone*.

{¶21} Owners also argues that the Ohio Supreme Court's decision in *State v. Brunson*, __ Ohio St.3d __, 2022-Ohio-4299 controls. In *Brunson*, the Supreme Court addressed whether a criminal defendant waived his attorney-client privilege. Like *Givaudan Flavors*, the Supreme Court noted that the attorney-client privilege is governed by Section 2317.02. *Id*. at ¶ 28. It also noted that it had held in *Jackson* that the statute provides the exclusive means by which the privilege can be waived. *Id*. at ¶ 29, quoting *Jackson* at paragraph one of the syllabus. Like *Givaudan Flavors*, *Brunson* did not discuss *Boone* or the bad-faith-denial-of-insurance-coverage exception to the doctrine of attorney-client privilege. The circumstances under which the attorney-client privilege may be waived, as discussed in *Givaudan Flavors* and *Brunson*, are inapplicable if, because of an exception, the privilege does not attach in the first place.

{¶22} At oral argument, Owners argued for the first time that Section 2317.02(A)(2) sets out a test that the trial court failed to apply when determining whether the claims file notes should be produced. Because Owners did not make this argument in its merit brief, we decline to address

it. *Windward Ents., Inc. v. Valley City Dev. Group LLC*, 9th Dist. Medina No. 18CA0001-M, 2019-Ohio-3419, ¶ 39 (citing App.R. 12(A)(2)); *Collette v. Baxter*, 9th Dist. Summit No. 23195, 2006-Ohio-6555, ¶ 23 fn. 1. *See Lone Star Steakhouse & Saloon of Ohio, Inc. v. Franklin Cty. Bd. of Revision*, 153 Ohio St.3d 34, 2018-Ohio-1612, ¶ 20 (explaining that Board forfeited argument that it did not assert until oral argument).

{¶23} Upon review of the record, we conclude that Owners has not established that the trial court erred when it ordered the production of parts of the unredacted claims file notes. Owners has not established that any of those parts are not "related to the issue of coverage" or were created after the denial of coverage. *Boone*. 91 Ohio St.3d 209, at syllabus. Owners' assignment of error is overruled.

III.

{¶24} Owners' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

STEVENSON, J.
<u>CONCURS.</u>

FLAGG LANZINGER, J.
<u>DISSENTING.</u>

{¶25} I respectfully dissent from the majority opinion. I would reverse the trial court's decision and remand the matter to allow the trial court to review each attorney client communication under the *State v. Boone*, 91 Ohio St.3d 209 (2001), standard. The trial court's order cited *Boone* in its opinion but ultimately concluded that claims file materials documenting legal counsel's communications are "discoverable because they may cast light on bad faith on the part of the insurer." Although this standard is quoted in *Stewart*, an Eleventh District case that followed *Boone*, it is a less stringent standard than the law allows for reviewing attorney client communications. *See Stewart v. Siciliano*, 11th Dist. Ashtabula No. 2011-A-0042, 2012-Ohio-6123, ¶ 55. *Boone* provides that claims file materials are "unworthy of protection" if they "show an insurer's lack of good faith in denying coverage * * *." *Boone* at 213. That is not the standard the trial court applied.

{¶26} "A de novo review requires an independent review of the trial court's decision without any deference to the trial court." *State v. McConville*, 182 Ohio App.3d 99, 2009-Ohio-1713, ¶ 5 (9th Dist.2009). Under de novo review, this Court is charged with reviewing whether the trial judge applied the correct law. Applying the correct law when deciding if attorney client communications are discoverable is especially important given the sanctity of those communications. This Court, however, cannot apply the correct law in the first instance, even on de novo review. *See Bevelacqua v. Tancak*, 9th Dist. Lorain No. 21CA011797, 2022-Ohio-4442, ¶ 32. That is the role of the trial court. I, therefore, would reverse the trial court's decision and remand the matter for the trial court to apply the correct law to each attorney client communication in the first instance. Accordingly, I respectfully dissent.

APPEARANCES:

BRIAN T. WINCHESTER and CHAD A. SCHMITT, Attorneys at Law, for Appellant.

KENNETH D. MYERS, Attorney at Law, for Appellee.

JUSTIN M. ALABURDA, Attorney at Law, for Appellee.