[Cite as *A. Morgan Bldg. Group, L.L.C. v. Owners Ins. Co.*, 2026-Ohio-1129.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

THE A MORGAN BUILDING GROUP, LLC

    Appellee

    v.

OWNERS INSURANCE CO.

    Appellant

C.A. No.     31415

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2019-07-2432

DECISION AND JOURNAL ENTRY

Dated: March 31, 2026

CARR, Judge.

**{¶1}** Defendant-Appellant Owners Insurance Group Company ("Owners") has attempted to appeal an interlocutory discovery order of the Summit County Court of Common Pleas. This Court dismisses the attempted appeal.

I.

**{¶2}** This matter has been before this Court previously, and much of the facts and procedural history were set forth in the prior appeal:

> [Plaintiff-Appellee] [The] A. Morgan [Building Group ("A. Morgan")] purchased a building that it brought into an insurance policy it had previously obtained from Owners. Within a month, the building was vandalized, leading A. Morgan to submit an insurance claim. Before Owners was able to inspect the damage, there was a fire at the building that caused substantial additional damage. A. Morgan, therefore, filed a second insurance claim.
>
> Although advancing some initial remediation funds to A. Morgan, Owners did not tell A. Morgan whether it was accepting or rejecting the claims for many months. A. Morgan eventually filed a lawsuit against Owners in federal court. After that case was dismissed, A. Morgan filed this action against Owners, alleging breach of contract, unjust enrichment, breach of fiduciary duty, and bad faith in handling its

claims. After Owners formally denied A. Morgan's claims, A. Morgan filed an amended complaint. Owners counterclaimed, seeking a declaration that A. Morgan did not comply with the insurance policy, that A. Morgan misrepresented the value of the building, and that A. Morgan unjustly received benefits based on the misrepresented value. Owners also sought to recoup the amount it had advanced for remediation.

Owners sought to bifurcate A. Morgan's bad faith claim from the other claims. It also sought a protection order concerning any discovery related to the bad faith claim. The trial court ordered Owners to submit the documents it believed were privileged for an in camera review. After reviewing them, the court determined that Owners had properly redacted its claims file notes and determined that Owners did not have to provide them at that stage in the litigation. Later, following the final pretrial conference, A. Morgan moved to unseal the claims notes. The trial court reviewed the record and determined that Owners' legal counsel had been significantly involved in its decision to deny A. Morgan's insurance claim. After reviewing the unredacted claims file again, it ordered Owners to produce the unredacted version of many sections of the notes. Owners [] appealed, assigning as error that the trial court incorrectly granted A. Morgan's motion to unseal.

*A. Morgan Bldg. Group, LLC v. Owners Ins. Co.*, 2023-Ohio-3133, ¶ 2-4 (9th Dist.). This Court affirmed, concluding that Owners did not establish that the trial court erred in ordering the production of parts of the unredacted claims file notes. *Id.* at ¶ 23-24.

{¶3} When A. Morgan then sought to depose of one of the attorneys representing Owners, Owners filed a motion for a protective order pursuant to Civ.R. 26. Owners sought to invoke the attorney-client privilege contained in R.C. 2317.02 and "preclud[e] Plaintiff's counsel from deposing [Owners' counsel.]" A. Morgan filed a brief in opposition.

{¶4} In March 2025, the trial court issued an entry denying Owners' motion for a protective order. The trial court concluded that A. Morgan was "permitted to question [Owners' counsel] regarding his role in the denial of [A. Morgan's] claim and the process that led to it."

{¶5} A. Morgan has attempted to appeal that order, raising a single assignment of error for our review.

II.

**<u>ASSIGNMENT OF ERROR</u>**

THE TRIAL COURT ERRED WHEN IT DENIED OWNERS INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER.

**{¶6}** Owners argues that the trial court erred in denying its motion for a protective order. We do not reach the merits of this argument as we conclude we lack jurisdiction to consider it.

**{¶7}** As a preliminary matter, this Court is obligated to raise sua sponte questions related to its jurisdiction. *Whitaker–Merrell Co. v. Geupel Constr. Co.*, Inc. (1972), 29 Ohio St.2d 184, 186. "This Court has jurisdiction to hear appeals only from final judgments." *Peppeard v. Summit Cty.*, 2010-Ohio-2862, ¶ 9 (9th Dist.), citing Ohio Constitution, art. IV, § 3(B)(2); R.C. 2501.02. "In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction." *Peppeard* at ¶ 9.

**{¶8}** "Orders regarding discovery are considered interlocutory and, in general, are not immediately appealable." *Id.* at ¶ 10. "A trial court's order is final and appealable to the extent it compels production of claimed privileged materials." *Id.* "[T]his Court recognizes a distinction between a trial court order which merely denies a motion for a protective order and an order which specifically compels the discovery of privileged information." *Id.* at ¶ 12; *see also* R.C. 2317.02(A)(2) (providing that an "attorney may be compelled to testify, subject to an in camera inspection by a court, about communications made . . . by the attorney to the client that are related to the attorney's aiding or furthering an ongoing or future commission of bad faith by the client . . . ."). "While the denial of a motion for a protective order may foreshadow how the trial court might rule on a future motion to compel discovery, the parties have not yet reached the point in the proceedings where the privileged information must be disclosed." *Peppeard* at ¶ 12.

{¶9} Here, Owners' motion asked the trial court for a protective order that would "completely block" the deposition of its counsel. A. Morgan did not file a motion to compel. The trial court's order denying Owners' motion stated that A. Morgan was "permitted to question [Owners' counsel] regarding his role in the denial of [A. Morgan's] claim and the process that led to it."

{¶10} In our view, an order that allows questions about counsel's role in a company's decision-making process is far different than an order that compels counsel to answer specific questions about his communications with his client. *See* R.C. 2317.02(A)(2); *Peppeard*, 2010-Ohio-2862, at ¶ 12 (9th Dist.). Owners has not demonstrated that the attempted appeal is final under R.C. 2505.02(B)(4). *See State v. Glenn*, 2021-Ohio-3369, ¶ 22 (noting that the burden to demonstrate an appellate court's jurisdiction over an interlocutory appeal falls on the appellant).

{¶11} Owner's attempted appeal is dismissed.

III.

{¶12} This attempted appeal of the interlocutory order of the Summit County Court of Common Pleas is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, J.
CONCURS.

FLAGG LANZINGER, P. J.
DISSENTING.

{¶13} I respectfully dissent. The trial court's order does not merely deny Owners' motion for a protective order. Rather, the order expressly allows A. Morgan unfettered permission to depose Owners' legal counsel concerning claimed-privileged communications between Owners and its legal counsel. Consequently, I would hold that the order is final and appealable and consider the merits of Owners' appeal.

{¶14} This Court has explicitly held that pursuant to R.C. 2505.02(B)(4), '[a] trial court's order is final and appealable to the extent it compels production of *claimed* privileged materials." (Emphasis added.) *State v. Hendon*, 2017-Ohio-352, ¶ 19 (9th Dist.), quoting *Peppeard v. Summit Cty.*, 2010-Ohio-2862, ¶ 11 (9th Dist.). "A party is not required to conclusively prove the existence of privileged or protected information as a precondition to appellate review under R.C. 2505.02(B)(4)." *DMS Constr. Ents., L.L.C. v. Homick*, 2020-Ohio-4919, ¶ 43 (8th Dist.), citing *Byrd v. U.S. Xpress, Inc.*, 2014-Ohio-5733, ¶ 12 (1st Dist.). Instead, "a party must make a 'colorable claim' that information or materials subject to discovery are privileged or otherwise protected from discovery in order to qualify as a provisional remedy." *Homick* at ¶ 43, quoting *Byrd* at ¶ 12.

{¶15} R.C. 2317.02 prohibits an attorney from testifying concerning communications made to the attorney by a client or the attorney's advice to a client unless the client has waived the protection or certain exceptions apply. The primary purpose of the attorney-client privilege is to "'encourage full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'" *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 2005-Ohio-1508, ¶ 20, quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "In the modern law, the privilege is founded on the premise that confidences shared in the attorney-client relationship are to remain confidential." *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 660 (1994).

{¶16} Because this matter involves the compelled testimony of an insurance company's attorney, R.C. 2317.02(A)(2) applies. R.C. 2317.02(A)(2) expressly states that an attorney shall not testify

> *concerning a communication made to the attorney by a client in that relationship or the attorney's advice to a client*, except that if the client is an insurance company, the attorney may be compelled to testify, *subject to an in camera inspection by a court*, about communications made by the client to the attorney or by the attorney to the client that are related to the attorney's aiding or furthering an ongoing or future commission of bad faith by the client, *if the party seeking disclosure of the communications has made a prima-facie showing of bad faith*, fraud, or criminal misconduct by the client.

(Emphasis added.) Thus, the General Assembly has created a narrow exception to the attorney-client testimonial privilege where an attorney's client is an insurance company. However, the General Assembly also set forth strict steps that must be taken before that attorney can be compelled to testify concerning his or her communications with his client.

{¶17} Here, Owners filed the motion for a protective order on the basis that R.C. 2317.02 prohibited its legal counsel from testifying concerning communications between Owners and its legal counsel about its decision to deny A. Morgan's claim. In its order denying the motion for a

protective order, the trial court went beyond the mere denial of a protective order. The trial court (1) expressly found the attorney-client privilege did not apply to the communications, and (2) expressly stated A. Morgan may depose Owners' legal counsel regarding his "*role in the denial* of [A. Morgan]'s claim *and the process* that led to it" because the attorney-client privilege did not apply. (Emphasis added.) The trial court's order also fails to implement any protective measures such as an in camera review.

{¶18} "[I]f a party is ordered by the trial court to disclose privileged materials or confidential information and such materials [or confidential information] are actually disclosed, the party resisting discovery will have no adequate remedy on appeal." *Peppeard*, 2010-Ohio-2862, at ¶ 11 (9th Dist.). There is no dispute between the parties that the trial court both denied Owners' motion for protective order and ordered Owners' defense counsel to provide testimony concerning his role in Owners' claims process—communications Owners claims are protected by the attorney-client testimonial privilege.

{¶19} The fact that the trial court's order does not use the word "compel" is a distinction without a difference. The trial court has already determined the substantive issue of whether the attorney-client privilege exists and its order prevents judgment in favor of Owners with respect to that privilege. The majority's dismissal of Owners' appeal will require Owners' and its legal counsel to directly disobey the trial court's order in order to protect claimed-privileged communications. Consequently, I would hold that order is final and appealable.

{¶20} Turning to the issue raised on appeal, "[g]enerally, this Court applies an abuse of discretion standard when reviewing discovery orders." *Li v. Du*, 2022-Ohio-917, ¶ 7 (9th Dist.). "However, when the information sought in discovery is alleged to be confidential and privileged, it is a question of law that is reviewed de novo." *Id.* "A de novo review requires an independent

review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 2006-Ohio-649, ¶ 4 (9th Dist.).

{¶21} R.C. 2317.02(A)(2) expressly states that an attorney shall not testify concerning a communication made to the attorney by a client in that relationship or the attorney's advice to a client. The statute also creates a narrow exception to the attorney-client testimonial privilege where an attorney's client is an insurance company. *Id.* In order for this narrow exception to apply, the General Assembly set forth strict steps a trial court must take before it can require an insurance company's legal counsel to testify concerning his or her communications with the insurance company. *See id.* First, a trial court must conduct an in-camera inspection of the claimed-privileged communications. *Id.* Second, the trial court must determine whether the party seeking disclosure has made a prima facie showing of bad faith on the part of the insurance company. *Id.* Finally, only if the trial court determines the party seeking disclosure has made such a showing, may the trial court compel the attorney to testify concerning his or her communications related to the "attorney's aiding or furthering an ongoing or future commission of bad faith . . . ." *Id.* As the General Assembly stated in the uncodified section of the 2007 amendment to the privilege communication statute,

> The General Assembly declares that the attorney-client privilege is a substantial right and that it is the public policy of Ohio that all communications between an attorney and a client in that relation are worthy of the protection of privilege, and further that where it is alleged that the attorney aided or furthered an ongoing or future commission of insurance bad faith by the client, that the party seeking waiver of the privilege must make a prima facie showing that the privilege should be waived and the court should conduct an in camera inspection of disputed communications. The common law established in *Boone v. Vanliner Ins. Co.* (2001), 91 Ohio St.3d 209, *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, and *Peyko v. Frederick* (1986), 25 Ohio St.3d 164, is modified accordingly to provide for judicial review regarding the privilege.

Am.Sub.S.B. No. 117, 2006 Ohio Laws 198, Section 6.

{¶22} It is undisputed that the trial court did not conduct an in-camera inspection of the claimed-privileged communications sought in this case. A review of the record shows the trial court did conduct an in-camera inspection of allegedly privileged documents before the appeal in *A. Morgan I.* In its appellate brief, A. Morgan claims this inspection was sufficient to comply with R.C. 2317.02(A)(2). I disagree. While the trial court's review of the disputed documents may be relevant to its ultimate determination, that review did not satisfy the strict requirements of R.C. 2317.02(A)(2). By its plain language, the statute requires the trial court to conduct an in-camera inspection of the claimed-privileged communications.

{¶23} Despite failing to conduct the required in-camera inspection, the trial court concluded the attorney-client testimonial privilege did not apply to the claimed-privileged communications because the trial court had "already found that [A. Morgan] made a prima facie showing of bad faith on the part of [Owners.]" The trial court's conclusion is problematic. First, it is impossible for the trial court to make a privilege determination without first having reviewed all the claimed-privileged communications. Second, a review of the record shows the trial court never made a prior finding that A. Morgan had made a prima facie showing of bad faith on the part of Owners.

{¶24} In its appellate brief, A. Morgan appears to concede that the trial court never previously found A. Morgan had made a prima facie showing of bad faith on the part of Owners. Instead, A. Morgan argues this Court should construe the trial court's statement that it had "already found" A. Morgan had made a prima facie showing of bad faith, together with the trial court's statement that newly obtained testimony showed Owners' defense counsel "played a large part in denying [A. Morgan]'s claim," an affirmative finding that A. Morgan made a showing of bad faith

sufficient to comply with R.C. 2317.02(A)(2). Under the circumstances of this case, I would decline to do so.

{¶25} R.C. 2317.02(A)(2) requires the trial court to conduct an in-camera inspection of the disputed testimony and claimed-privileged communications *before* making such a finding. Because the trial court never reviewed the communications or disputed testimony, it could not have determined whether A. Morgan made a prima facie showing of bad faith or whether the attorney's testimony regarding his or her communications related to the "attorney's aiding or furthering an ongoing or future commission of bad faith . . . ." *See* R.C. 2317.02(A)(2). Additionally, whether an attorney's communication with its client "played a large part" in the denial of a claim is not sufficient under the statute to compel that attorney's testimony. The mere fact an insurance company made a decision after seeking legal advice is not determinative of whether the attorney's communications to the insurance company amounted to "aiding or furthering an ongoing or future commission of bad faith . . . ." *See* R.C. 2317.02(A)(2). The statute does not create an exception to the attorney-client testimonial privilege simply because an insurance company sought legal advice.

{¶26} Finally, A. Morgan makes several arguments in its appellate brief as to why the claimed-privileged communication should not be protected by the attorney-client testimonial privilege. Under a de novo review, an appellate court is charged with reviewing whether a trial court applied the correct law. "Applying the correct law when deciding if attorney client communications are discoverable is especially important given the sanctity of those communications. This Court, however, cannot apply the correct law in the first instance, even on de novo review." *A. Morgan Building Group, LLC v. Owners Ins. Co.*, 2023-Ohio-3133, ¶ 26 (9th Dist.) (Flagg Lanzinger, J., dissenting).

{¶27} Based upon the above, I would conclude that the trial court erred by failing to comply with R.C. 2317.02(A)(2) before denying Owners' motion for a protective order and compelling the testimony of Owners' defense counsel.

APPEARANCES:

BRIAN T. WINCHESTER, Attorney at Law, for Appellant.

CRAIG G. PELINI, Attorney at Law, for Appellant.

KENNETH D. MYERS, Attorney at Law, for Appellee.

JUSTIN M. ALABURDA, Attorney at Law, for Appellee.